IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SHANNON CHAPMAN and § <br> CRYSTAL CHAPMAN, § <br>     Plaintiffs, § <br> § <br> VS. § <br> § <br> SCOTT VICTOR FORREST and § <br> TENNESSEE STEEL HAULERS, INC., § <br>     Defendants. § | C.A. NO. _____ <br> Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** SHANNON CHAPMAN and CRYSTAL CHAPMAN, Plaintiffs, and file this Original Complaint, complaining of and against Defendants, SCOTT VICTOR FORREST and TENNESSEE STEEL HAULERS, INC., and in support thereof, would respectfully show the Court the following, to wit:

## PARTIES

1. Plaintiff, SHANNON CHAPMAN, is a resident and citizen of Panola County, Texas.

2. Plaintiff, CRYSTAL CHAPMAN, is a resident and citizen of Panola County, Texas.

3. Defendant, SCOTT VICTOR FORREST, is an individual who resides in Hickman County, Tennessee, and may be served with process at 7771 Tidwell Lane, Lyles, Tennessee 37098-1633 or wherever he may be found.  Service is hereby requested via private process server.

4. Defendant, TENNESSEE STEEL HAULERS, INC., is a foreign corporation formed under the laws of the State of Tennessee with a principal place of business at 2607 Brick Church Pike, Nashville, TN 37207-4409, and may be served with process by serving its registered agent for service, Larry Williams, Barristers Building, 329 Union Street, Nashville, Tennessee 37201-1415 or wherever he may be found. Service is hereby requested via private process server.

## JURISDICTION & VENUE

5. Jurisdiction is based on diversity of citizenship of the parties, and an amount in controversy in excess of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. §1332(a). Venue is proper in this district pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas.

## FACTS

6. On April 5, 2017 at approximately 6:14 p.m., Plaintiff, SHANNON CHAPMAN, was travelling eastbound on SH-315 in Rusk County, Texas. Defendant, SCOTT VICTOR FORREST, while operating a 2015 white Freightliner Cascadia tractor and towing a 2010 black Fontaine trailer, both owned by TENNESSEE STEEL HAULERS, INC., was traveling northbound on FM-95.

7. Defendant, SCOTT VICTOR FORREST, disregarded the stop sign at the four-way intersection of FM-95 and SH-315.

8. Plaintiff, SHANNON CHAPMAN, attempted to avoid contact with the tractor and trailer operated by Defendant, SCOTT VICTOR FORREST, but was unable to avoid contact with the driver side of the trailer.

9. Plaintiff, SHANNON CHAPMAN, was injured in the collision as a result of the forces exerted on his body during the impact. As a direct and proximate result of Defendant, SCOTT VICTOR FORREST's negligent acts, Plaintiff, SHANNON CHAPMAN, suffered bodily injuries.

10. At the time of the collision, Defendant, SCOTT VICTOR FORREST, was operating a vehicle owned by his employer and in the course and scope of his employment with TENNESSEE STEEL HAULERS, INC.

## NEGLIGENCE

11. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

12. The occurrence made the basis of Plaintiffs' lawsuit, and the resulting injuries and damages to Plaintiffs, were proximately caused by Defendant's acts and/or omissions including, but not limited to, one or more of the following:

   a. failing to properly and timely apply his brakes;

   b. disregarding a stop sign;

   c. failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   d. failing to pay that degree of attention as a person of ordinary prudence would have used under the same or similar circumstances;

   e. driving the vehicle without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

   f. driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of TEX. TRANSP. CODE ANN. §545.401;

   g. failing to take such evasive action as a person using ordinary care would have taken to avoid the collision in question;

    h.    operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances; and

    i.    other acts of negligence and negligence *per se* which were proximate causes of the collision in question.

13. Each and all of the acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## RESPONDEAT SUPERIOR

14. Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

15. Upon information and belief, Defendant, SCOTT VICTOR FORREST, was employed by TENNESSEE STEEL HAULERS, INC. at the time of the wreck. At or during the time of the acts and/or omissions complained of herein, said acts and/or omissions of Defendant, SCOTT VICTOR FORREST, as an employee of Defendant, TENNESSEE STEEL HAULERS, INC., occurred within the scope of the general authority and for the accomplishment of the objectives for which such Defendant, SCOTT VICTOR FORREST, was employed by Defendant, TENNESSEE STEEL HAULERS, INC.

16. Defendant, TENNESSEE STEEL HAULERS, INC., is therefore liable to Plaintiffs for the acts and/or omissions of Defendant, SCOTT VICTOR FORREST, complained of herein under the doctrine of Respondeat Superior.

## STATUTORY EMPLOYEE

17. Alternatively, upon information and belief, at all times material to this cause of action, Defendant, SCOTT VICTOR FORREST, was for all purposes a statutory employee of

Defendant, TENNESSEE STEEL HAULERS, INC., as contemplated by both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas statute. An employer, as defined by FMCSR, means "any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…." 49 C.F.R. § 390.5 (1997). Texas has incorporated, by reference, Parts 40, 380, 382, 385, 386, 387, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 4.11 (2016) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 40, 280, 382, 385, 386, 387, 390-393, and 395-397 including amendments and interpretations thereto as amended through May 1, 2016." Defendant, TENNESSEE STEEL HAULERS, INC., is thereby vicariously liable for the negligent actions of Defendant, SCOTT VICTOR FORREST. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App-Fort Wroth 2002, no pet.).

## DAMAGES

18.   As a producing and proximate result of the above described acts of Defendants, Plaintiff, Shannon Chapman, has suffered and will continue to suffer significant economic losses and other injuries resulting in the following actual damages in an amount greatly exceeding the minimal jurisdictional limits of this Court:

**SHANNON CHAPMAN INDIVIDUALLY**

(1)   Reasonable and necessary medical expenses incurred in the past;

(2)   Reasonable and necessary medical expenses reasonably likely to be incurred in the future;

(3)   Loss of earnings in the past;

(4)   Loss of earning capacity reasonably likely to be experienced in the future;

(5) Conscious physical pain and suffering experienced in the past;

(6) Conscious physical pain and suffering reasonably likely to be experienced in the future;

(7) Mental anguish in the past;

(8) Mental anguish likely to be experienced in the future;

(9) Physical impairment in the past;

(10) Physical impairment reasonably likely to be experienced in the future;

(11) Loss of consortium in the past;

(12) Loss of consortium in the future;

(13) Damage and/or loss of personal property;

(14) Pre-judgment interest at the highest rate allowed by law; and

(15) Post-judgment interest at the highest rate allowed by law.

**CRYSTAL CHAPMAN INDIVIDUALLY**

(1) Mental anguish in the past;

(2) Mental anguish likely to be experienced in the future;

(3) Loss of consortium in the past;

(4) Loss of consortium in the future;

(5) Pre-judgment interest at the highest rate allowed by law; and

(6) Post-judgment interest at the highest rate allowed by law.

## **INTEREST**

19. Plaintiffs are entitled to both pre-judgment and post-judgment interest at the highest rates allowed by law or statute.

## **DEMAND FOR JURY TRIAL**

20. Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury as to all issues of their Complaint filed against Defendants.

## **PRAYER FOR RELIEF**

21. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer and that upon final trial of this cause Plaintiffs recover as follows:

   a. Judgment against the Defendants, jointly and severally, for economic, non-economic, and compensatory damages;

   b. pre-judgment and post-judgment interest as allowed by law;

   c. costs of suit; and

   d. all other relief, both general and special, equitable and legal.

Respectfully submitted,

By: /s/ N. Eric Cooper
    N. ERIC COOPER
    State Bar No. 24036399
    The Cooper Law Firm
    P. O. Box 2222
    501 N. Third Street (75601)
    Longview, Texas 75606-2222
    Telephone: (903) 297-0037
    Facsimile: (903) 236-0035
    E-mail: eric@cooper-law-firm.com

    R. DANIEL SOREY
    State Bar No. 24041957
    Sorey Law Firm, P.L.L.C.
    109 W. Tyler Street
    Longview, Texas 75601
    Telephone: (903) 212-2822
    Facsimile: (903) 212-2864
    Email: dan@soreylaw.com

**ATTORNEYS FOR PLAINTIFFS**
**SHANNON CHAPMAN AND**
**CRYSTAL CHAPMAN**